IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| **Phairot Hoang,**     Plaintiff,   vs.  **Whirlpool Corporation,**     Defendant. | Court File No. 10-153   NOTICE OF REMOVAL |

Defendant Whirlpool Corporation – Amana Division ("Whirlpool"), respectfully files the following Notice of Removal:

1. On November 16, 2010, Whirlpool was served with a civil action commenced by Plaintiff in the Iowa District Court for Iowa County through personal service of its Original Notice, Petition and Jury Demand, Docket No. LACV023156. A true and correct copy of the Original Notice, Petition and Jury Demand, which are all the process, pleadings and orders filed in the State case to date, are attached hereto as Exhibit A.

2. <u>Federal Question Basis of Removal</u>: Plaintiff has pled claims under the Family and Medical Leave Act ("FMLA") and Americans with Disabilities Act ("ADA"). Because this case presents federal questions for adjudication, it may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1331, 1441, and 1446. Additionally, the Court has supplemental jurisdiction over Plaintiff's Iowa Civil Rights Act claim as that claim is so related to Plaintiff's federal claims such that they form the

same case or controversy under Article III of the United States Constitution and there is no basis under 28 U.S.C. § 1367(b) or (c) to decline the exercise of supplemental jurisdiction.  See 28 U.S.C. § 1367.

3. <u>Diversity Jurisdiction Basis for Removal</u>:  Beyond and apart from the Court's federal question and supplemental jurisdiction over Plaintiff's claims as outlined in Paragraph 2, this case is also a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one that may be removed to this Court by Whirlpool pursuant to 28 U.S.C. §§ 1441 and 1446 in that it is an action between citizens of different states wherein the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

4. <u>Citizenship of the Parties</u>:  Upon information and belief, Plaintiff is both a resident and a citizen of the state of Illinois.  See Plaintiff's Complaint ¶ 2, at Exhibit A.  Whirlpool is incorporated in Delaware and Whirlpool's principal place of business is Michigan, and Whirlpool is therefore a citizen of the states of Delaware and Michigan.  28 U.S.C. § 1332(c)(1); <u>Hertz Corp. v. Friend</u>, 130 S.Ct. 1181 (2010).  As a result, there is a complete diversity of citizenship between Plaintiff and Whirlpool.

5. <u>Amount in Controversy</u>:  This is a civil action wherein the amount in controversy, according to Plaintiff's Petition, may reasonably exceed the sum of $75,000.00, exclusive of interest and costs.  Plaintiff asserts causes of action under the FMLA, ADA and Iowa Civil Rights Act, and seeks "an amount which will fully and fairly compensate him for his injuries and damages, for punitive damages in an amount sufficient to punish Defendant and to deter it and others" as well as attorneys' fees and

appropriate injunctive and equitable relief. Plaintiff also seeks liquidated damages in connection with his FMLA claim.

6. Consequently, considering Plaintiff's monetary claims, the damages sought may reasonably exceed $75,000.00, such that Whirlpool may remove this action notwithstanding Plaintiff's failure to precisely state an amount of damages exceeding the requisite amount in controversy. *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)("The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000").

7. This Court is the District Court of the United States for the district and division embracing the place where this action is currently pending, as required by 28 U.S.C. § 1441(a).

8. The instant notice of removal has been timely filed because it was made within 30 days after the receipt by Whirlpool of the Petition that sets forth a removable claim, and from which it first could be ascertained that this action has become removable. 28 U.S.C. § 1446(b).

9. Written notice of the filing of this Notice of Removal has been given to Plaintiff and a copy of such Notice has been filed with the Clerk of the Iowa District Court in and for Iowa County.

WHEREFORE, Whirlpool respectfully requests that this action, now pending in the Iowa District Court for Iowa County, be removed to this United States District Court for the Northern District of Iowa.

| | |
|---|---|
| Dated: December 6, 2010 | /s/     *Kelly R. Baier* |
| | Kelly R. Baier |
| | Bradley & Riley PC |
| | P.O. Box 2804 |
| | 2007 1st Ave. SE |
| | Cedar Rapids, IA  52406-2804 |
| | Telephone: (319) 861-8723 |
| | Facsimile:  (319) 363-9824 |
| | kbaier@bradleyriley.com |
| | |
| | Adam C. Wit (***Pro Hac Vice Admission Pending***) |
| | Michael G. Congiu (***Pro Hac Vice Admission Pending***) |
| | LITTLER MENDELSON |
| | A Professional Corporation |
| | 321 N. Clark Street, Suite 1000 |
| | Chicago, IL  60654 |
| | Telephone: 312.372.5520 |
| | Facsimile: 312.372.7880 |
| | |
| | ***Attorneys for Defendant Whirlpool Corporation – Amana Division*** |

Copy to:

Paige Fiedler
Whitney Judkins
Fiedler Law Firm, PLC
2900 - 100th Street, Suite 209
Urbandale, IA 50322

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of this document was served upon the persons listed on this document at the addresses indicated by CM/ECF electronic notification and by enclosing the same in an envelope with postage fully paid and by depositing said envelope in a United States Post Office depository this 6th day of December, 2010.  I declare under penalty of perjury that the foregoing is true and correct.

/s/ *Kelly R. Baier*
Kelly R. Baier

{00985466.DOC}