IN THE IOWA DISTRICT COURT FOR IOWA COUNTY

| PHAIROT HOANG, | CASE NO. LACV023156 |
|---|---|
| Plaintiff, | |
| vs. | |
| WHIRLPOOL CORPORATION, | **ORIGINAL NOTICE** |
| Defendant. | |

TO THE ABOVE-NAMED DEFENDANT(S):  WHIRLPOOL CORPORATION

You are notified that a Petition at Law has been filed in the office of the clerk of this court naming you as the respondent in this action. A copy of the Petition is attached to this notice. The attorneys for the plaintiff are Paige Fiedler and Whitney Judkins of Fiedler Law Firm, P.L.C., whose address is 2900 – 100th Street, Suite 209, Urbandale, Iowa 50322. Their attorney's phone number is (515) 254-1999; facsimile number (515) 254-9923.

You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Iowa County, at the county courthouse in Marengo, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (319) 398-3920 Ext. 1103. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

*Cynthia M. Forsyth*
CLERK OF COURT
Iowa County Courthouse
Marengo, Iowa 52301

**IMPORTANT:**
**You are advised to seek legal advice at once to protect your interests.**

IN THE IOWA DISTRICT COURT FOR IOWA COUNTY

| | |
|---|---|
| PHAIROT HOANG,<br><br>    Plaintiff,<br><br>v.<br><br>WHIRLPOOL CORPORATION,<br><br>    Defendants. | CL No. LACV023156<br><br>PETITION AND JURY DEMAND |

COMES NOW the Plaintiff, Phairot Hoang, by and through his attorneys, and for his cause of action hereby states the following:

## INTRODUCTION

1. This is an action under the Iowa Civil Rights Act, the Americans With Disabilities Act, and the Family Medical Leave Act, challenging the illegal employment practices directed at the Plaintiff by the Defendants.

2. Plaintiff Phairot Hoang is a resident of Joliet, Illinois.

3. Defendant Whirpool Corporation is a Delaware corporation doing business in Iowa County, Iowa.

4. The acts of which Plaintiff complains occurred in Amana, Iowa County, Iowa.

## PROCEDURAL REQUIREMENTS

5. On approximately March 24, 2009, within 300 days of the acts of which he complains, Plaintiff filed charges of employment discrimination against Defendant with the Iowa Civil Rights Commission, which was then cross-filed with the Equal Employment Opportunity Commission.

1

Case 1:10-cv-00153-JSS   Document 1-1   Filed 12/06/10   Page 2 of 7
EXHIBIT A

6. On approximately August 8, 2010, less than 90 days prior to the filing of this Petition, the Iowa Civil Rights Commission issued an Administrative Release with respect to Plaintiff's charges against Defendant.

7. On approximately August 30, 2010, less than 90 days prior to the filing of this Petition, the Equal Employment Opportunity Commission issued a right to sue letter with respect to Plaintiff's charges against Defendant.

## FACTUAL BACKGROUND

8. On November 22, 1991, Plaintiff began employment with Defendant as a foam operator.

9. At all times material to this case, Defendant was an "employer" within the meaning of the FMLA.

10. At all times material to this case, Plaintiff was an "eligible employee" within the meaning of the FMLA.

11. In approximately August 2008, Plaintiff was diagnosed with high blood pressure, high cholesterol, and elevated blood sugar.

12. On May 15, 2009, Plaintiff felt dizzy and fainted at work.

13. Later that day, Defendant suspended Plaintiff for two days for sleeping on the job even though Plaintiff told Defendant he did not feel well, had been dizzy, and had passed out from dizziness.

14. On May 18, 2009, Plaintiff saw his doctor, who determined that Plaintiff's fainting incident on May 15 was a syncopal episode and was likely caused by low blood pressure.

15. On May 19, 2009, Plaintiff's doctor prescribed medication for Plaintiff's high cholesterol.

2

EXHIBIT A

16. On May 20, 2009, Defendant fired Plaintiff for fainting at work on May 15, 2009.

17. Defendant refused to look at Plaintiff's doctor's note or medication which Plaintiff offered as proof of his disability and serious health condition, which caused him to faint on May 15.

18. On May 26, 2009, Plaintiff provided a copy of his doctor's note to Defendant's Human Resources Manager Robert Chavarry.

19. Robert Chavarry told Plaintiff that it was "a week too late" and refused to restore Plaintiff to his position.

20. Robert Chavarry was an employee and agent of Defendant, acting at all material times within the scope of his employment and agency.

## COUNT I
## VIOLATION OF THE IOWA CIVIL RIGHTS ACT
## DISABILITY DISCRIMINATION & RETALIATION

21. Plaintiff repleads paragraphs 1 through 20 as if fully set forth herein.

22. Plaintiff suffered from high blood pressure, high cholesterol, and elevated blood sugar.

23. Plaintiff was disabled within the meaning of the Iowa Civil Rights Act.

24. Defendant failed to accommodate Plaintiff's disability in violation of the Iowa Civil Rights Act.

25. Defendant discriminated against Plaintiff with respect to terms and conditions of his employment in violation of the Iowa Civil Rights Act.

26. Plaintiff's disability was a motivating factor in Defendant's discrimination against him.

27. Plaintiff complained to Defendant about the discrimination he experienced and otherwise opposed practices made unlawful by the Iowa Civil Rights Act.

28. Defendant retaliated against Plaintiff and fired him.

29. Plaintiff has in the past and will in the future suffer injuries and damages caused by Defendant's illegal conduct, including, but not limited to mental and emotional distress; humiliation; embarrassment; lost enjoyment of life; lost wages; benefits; and other emoluments of employment.

30. Defendant acted with willful and wanton disregard for Plaintiff's rights and safety.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate him for his injuries and damages, for punitive damages in an amount sufficient to punish Defendant and to deter it and others, for interest as allowed by law, for attorney's fees, for the costs of this action, for appropriate equitable and injunctive relief, including but not limited to reinstatement, and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Act.

## COUNT II
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

31. Plaintiff repleads paragraphs 1 through 30 as if fully set forth herein.

32. Plaintiff was disabled within the meaning of the Americans with Disabilities Act.

33. Defendant failed to accommodate Plaintiff's disability in violation of the ADA.

34. Defendant discriminated against Plaintiff with respect to terms and conditions of his employment in violation of the ADA.

35. Plaintiff's disability was a motivating factor in Defendant's discrimination against him.

36. Plaintiff complained to Defendant about the discrimination he experienced and otherwise opposed practices made unlawful by the ADA.

37. Defendant retaliated against Plaintiff and fired him.

38. As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages as set forth above.

39. Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate him for his injuries and damages, for punitive damages in an amount sufficient to punish Defendant and to deter it and others, for appropriate equitable and injunctive relief including but not limited to reinstatement, for interest as allowed by law, for attorney's fees, for the costs and expenses of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Americans with Disabilities Act.

## COUNT III
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

40. Plaintiff repleads paragraphs 1 through 39 as if fully set forth herein.

41. Plaintiff suffered from one or more "serious health conditions" within the meaning of the Family Medical Leave Act.

42. Plaintiff was entitled to a leave of absence pursuant to his rights under the Family Medical Leave Act.

43. Plaintiff invoked his right to leave under the FMLA.

44. Defendant interfered with Plaintiff's rights under the FMLA.

45. Defendant failed to restore Plaintiff to the position he held when his leave commenced.

5

Case 1:10-cv-00153-JSS   Document 1-1   Filed 12/06/10   Page 6 of 7

EXHIBIT A

46. Defendant failed to restore Plaintiff to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment as the position he held when his leave commenced.

47. Plaintiff complained to Defendant about its violations of the Family Medical Leave Act.

48. Defendant retaliated against Plaintiff as a result of his complaints and the exercise of his rights under the Family Medical Leave Act.

49. As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including but not limited to lost wages, benefits, and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate him for his injuries and damages, for liquidated damages, for interest as allowed by law, for attorneys' fees, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Family Medical Leave Act.

## JURY DEMAND

COMES NOW the Plaintiff, by and through his attorneys, and hereby requests a trial by jury in the above-captioned matter.

FIEDLER LAW FIRM, P.L.C.

*/s/ Paige Fiedler*

Paige Fiedler AT 0002496
paige@employmentlawiowa.com
Whitney Judkins AT 0010357
whitney@employmentlawiowa.com
2900 – 100th Street, Suite 209
Urbandale, IA 50322
Telephone: (515) 254-1999
Fax: (515) 254-9923
ATTORNEYS FOR PLAINTIFF